**Malroy CUNNINGHAM, Plaintiff,**

v.

**Honorable Joel D. NOVAK, in his Official Capacity Only, Defendant.**

No. 66966.

Supreme Court of Iowa.

July 21, 1982.

Rehearing Denied Aug. 19, 1982.

Frank G. Wieslander, P. C., Altoona, for plaintiff.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., and Dan L. Johnston, Polk County Atty., for defendant.

HARRIS, Justice.

We granted certiorari to review the district court's refusal to proceed with a writ of habeas corpus. Cunningham is a defendant in a separate criminal prosecution and sought the writ to test his claim he was granted transactional immunity from that prosecution. The State, on behalf of defendant district court judge, resists here on two grounds. First it is urged that habeas corpus was inappropriate to press the claim. Second, it is urged there could be no grant of immunity under the facts alleged. We pass the first ground and adopt the second. Because we agree there was no grant of immunity under Iowa law under the facts alleged we annul the writ.

Cunningham was arrested, charged with first degree murder, and held in jail in lieu of a $500,000 bond. Within a few days he filed the petition for writ of habeas corpus in district court asserting his arrest and detention violated a promise of immunity made to his lawyer by an assistant county attorney and a police officer. Cunningham asserts his attorney, in discussion with an

assistant Polk County attorney and the police officer, obtained a promise of immunity for him in exchange for their being allowed to question him concerning the homicide. He claims that, in reliance upon the promise of immunity, he made incriminating statements by which, if unexplained, he and others would be incriminated. He alleges that he alone would be able to explain the incriminating statements and that he thus would be forced to choose between waiving his fifth and fourteenth amendment rights to remain silent or to explain the incriminating statements. He asserts his belief that the conversations were recorded and asks for preservation and production of any recordings.

Defending against the petition for the writ the State filed a document which purported to quote from the recordings. For our purposes here we must of course ignore these quotations because there has been no hearing or proceeding at which they could be offered and preserved for our review.

I. Grants of immunity in Iowa are governed by Iowa R.Crim.P. 19(3). The procedure under that rule is both formal and intricate. A written verified application must be filed with a district judge, either by the county attorney or the attorney general. It must assert that testimony, documents, or other evidence of a named witness is necessary and material and that the witness has refused to testify (or to produce the documents or evidence or both) on the ground it would tend to incriminate him or her. The application must assert that, in the considered judgment of the county attorney or attorney general, justice and public interest require the testimony, documents, or evidence.

The application and other papers are filed and indexed as a separate case in the name of the witness. Any testimony supporting the application for immunity must be reported and a transcript filed with the application. The application is considered, not by the officers, but by a judge who then enters an order, if appropriate, granting the witness immunity from prosecution.

There is no way the alleged conversation between the assistant county attorney, the officer, and defendant's lawyer could be said to satisfy the requirements of the foregoing rule. There was no written application. There was no filing in court. Most of all, there was no involvement by a judge who alone could issue the grant of immunity.

No matter how much evidence Cunningham could have produced at a hearing the conversation of the persons mentioned could not have supplanted the formal proceeding, particularly the judicial determination required for a grant of immunity. Cunningham was in no way harmed, on the basis of his allegations, by the refusal to grant him a hearing.

II. Cunningham argues he can pursue his claim of immunity quite aside from Iowa R.Crim.P. 19(3). He relies on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), for the proposition that " . . . if the prosecution makes an agreement within its apparent authority and the defendant relies upon it in good faith the court will not let the defendant be prejudiced as a result and the government will be held to abide by its terms." He argues the reasoning of *Santobello* (which concerned plea bargaining) is extended to grants of immunity under *State v. Kuchenreuther*, 218 N.W.2d 621 (Iowa 1974).

*Kuchenreuther* predated our rule 19(3) and relied on a "fair play standard." A written document was executed by the county attorney in favor of Kuchenreuther. It contained a promise against prosecution in return for which Kuchenreuther was not to invoke his fifth amendment privilege. Kuchenreuther also was to cooperate with the prosecution by supplying information and by testifying. Kuchenreuther was to plead guilty to a misdemeanor. He later did cooperate but was never given a chance to plead guilty to the misdemeanor. Rather he was charged with a felony. In reversing we relied on *Santobello* and distinguished our own case of *State v. O'Kelly*, 211 N.W.2d 589, 595–96 (Iowa 1973), where we refused to honor a claimed promise of immunity. In *O'Kelly* we said:

We have here an alleged promise by a judge and an assistant county attorney that Iowa would not prosecute if defendant would waive extradition to another state. We know of no statutory or common law authority in those officers to make such a promise, nor has defendant cited any.

211 N.W.2d at 596.

In *Kuchenreuther*, 218 N.W.2d at 624, we carefully distinguished *O'Kelly* and were careful not to overrule it:

As noted in *O'Kelly*, 211 N.W.2d at 595, plea bargaining—a promise by a prosecutor in exchange for a guilty plea to some charge—was not there involved. In the case at bar [*Kuchenreuther*], however, the county attorney unequivocally agreed that in exchange for given cooperation by Kuchenreuther his guilty plea to a specified lesser offense would be accepted and stand as a complete bar to any felony charge or prosecution. This takes on most if not all the colorations of a plea bargain agreement. [Authority.].

*Kuchenreuther* does not establish a common law right to grant immunity. *State v. Birkestrand*, 239 N.W.2d 353, 365 (Iowa 1976).

Iowa R.Crim.P. 19(3) provides the parameters for a grant of immunity. If a prosecutor or police officer and defense counsel could by conversation among themselves effect a grant of immunity the rule's requirement of participation by a judge would be rendered meaningless. This would amount to amending the rule by practice, and cannot be allowed. *See State v. Howell*, 290 N.W.2d 355, 358 (Iowa 1980). We find no error in the district court's refusal to proceed with the habeas corpus proceeding.

WRIT ANNULLED.